# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 14 C 9107 |
| | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **FRED HAYWOOD,** | ) | |
| Petitioner. | ) | |

## ORDER

For the reasons stated below, Haywood's § 2255 motion [1] is denied. Moreover, because Haywood has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability

## MEMORANDUM OPINION AND ORDER

Fred Haywood has filed a petition under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. On December 11, 2008, the government filed a two-count indictment against Haywood and another defendant for wire and mail fraud based on a mortgage fraud scheme. On February 18, 2009, the grand jury returned a superseding indictment, which retained the counts against Haywood but added new counts against four new defendants. Haywood pled guilty on April 23, 2012 to one count of mail fraud, admitting that he engaged in sixty-five fraudulent mortgage transactions as set forth in Exhibit A to the plea agreement. The transcript from the change of plea hearing indicates that Haywood was present, stated that he had reviewed the agreement with his attorney, understood it, had voluntarily signed it, and had no questions about it for the Court or his attorney. (*United States v. Haywood*, No. 08 CR 1032, Dkt. # 302, at 4-7.)

Under 28 U.S.C. § 2255, a prisoner can seek to vacate his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Haywood raises several claims of ineffective assistance of counsel, and a combined claim he titles "vindictive prosecution/defective indictment/due process violations."

Ineffective Assistance of Counsel Against Dave Compton

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not 'fall below an objective standard of reasonableness' in light of 'prevailing professional norms.'" *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). To prevail on such a claim, the petitioner must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland*, 466 U.S. at 684–85. On collateral review, the Court's review of counsel's performance is highly deferential: "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). In considering that question, the Court must avoid employing the benefit of hindsight, and must respect its "limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, 562 U.S. 115, (2011). As to the prejudice prong, the petitioner must establish a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 111.

Haywood makes several claims for ineffective assistance of counsel as to his first attorney, Dave Compton, including that he: (1) failed to disclose his "federal indictment" and that he was a "target for prosecution"; (2) misled Haywood into believing that he could speak freely during an interview with federal prosecutors and agents in July 2007 and that any statements he made during the interview could not be used against him; and (3) failed to challenge the superseding indictment on the grounds that it contained proffer-protected material and was barred by the statute of limitations.

*Failure to Disclose Criminal Case*. It is true that a conflict may exist when a lawyer is under investigation or indictment by the same prosecutor's office that is pursuing criminal charges against the lawyer's client because "[i]t may induce the lawyer to pull his punches in defending his client lest the prosecutor's office be angered by an acquittal and retaliate against the lawyer." *Thompkins v. Cohen*, 965 F.2d 330, 332 (7th Cir. 1992). Here, however, Compton was charged in two state cases, not federal. (Gov't Ex. C.) Therefore, the concern with Compton attempting to curry favor with the prosecution does not exist in this case. Moreover, Haywood has failed to identify any prejudice that resulted from the alleged conflict. To the extent that Haywood claims that Compton failed to move to dismiss the superseding indictment because of the conflict, Compton was not representing Haywood at the time the superseding indictment was filed. (*United States v. Haywood*, No. 08 CR 1023 (N.D. Ill.), Dkt. ## 22, 25). For these reasons, this aspect of Haywood's claim fails.

*Failure to Obtain Proffer Letter and Advise Haywood of Implications of Participating in July 2007 Interview.* Haywood asserts that Compton was ineffective by misleading him into thinking that information Haywood provided in a pre-indictment interview would not be used against him and failing to obtain a proffer letter on Haywood's behalf with respect to the information provided

3

during the interview. But the Sixth Amendment right to counsel, and therefore an ineffective assistance of counsel claim, does not attach until "at or after the initiation of adversary criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012) (citation and quotation marks omitted).; *see also Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 213 (2008) ("[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel"); *United States v. Thomas*, 39 F. Supp. 3d 1015, 1021-22 (N.D. Ill. 2014) (defendant had no Sixth Amendment right to counsel at pre-indictment interview with law enforcement agents). Because no adversary criminal proceedings had been initiated at the time of the July 2007 interview, Haywood has no basis for asserting an ineffective assistance of counsel claim related to that interview.

*Failure to Object to Proffer-Protected Statements and Challenge to Indictment as Time-barred*. To the extent that Haywood contends that Compton was ineffective for failing to object to the proffer-protected information being used in calculating his guidelines range, *see* U.S.S.G. § 1B1.8, Compton did not represent him at sentencing.[1] Moreover, on appeal, the Seventh Circuit rejected Haywood's argument that the district court erred by including in the amount of loss calculation mortgage transactions that Haywood revealed during "various proffer sessions" because the inclusion was harmless. *United States v. Haywood*, 777 F.3d 430, 433 (7th Cir. 2015).

---

[1] Haywood expressly states that he is not alleging ineffective assistance of counsel against attorney Gary Adair, who filed his appearance on February 6, 2009, approximately two weeks before the superseding indictment was filed on February 18, 2009. (Pet'r's 2d Supp., Dkt. # 8, at 3.)

Haywood also asserts that Compton failed to object to proffer-protected information purportedly being included in the superseding indictment. But, as already noted, Compton's representation ended before the superseding indictment was filed.

For this same reason, Haywood's claim of ineffective assistance against Compton for neglecting to challenge the superseding indictment as time-barred is also rejected. In any event, the government filed the original indictment on December 11, 2008 alleging that the mortgage fraud schemes at issue took place on December 23, 2003 and January 14, 2004 and charging Haywood with mail and wire fraud, within five years of the original indictment. *See* 18 U.S.C § 3282. "[A] super[s]eding indictment that supplants a still-pending original indictment relates back to the original indictment's filing date so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant." *United States v. Ross*, 77 F.3d 1525, 1537 (7th Cir. 1996). A review of the superseding indictment indicates that it charged Haywood with the same counts based on the same general allegations as the original indictment, while adding three properties to the alleged mortgage fraud scheme. (*Cf.* Dkt. # 1 *with* Dkt. # 25.) The Court concludes that the superseding indictment relates back to the original indictment, which was not time-barred. *See United States v. Pearson*, 340 F.3d 459, 465 (7th Cir. 2003) (second superseding indictment which modified the end date of charged conspiracy and added three overt acts regarding concealing of conspiracy did not impermissibly broaden charges in original indictment, and related back to original indictment for statute of limitations purposes), *overruled on other grounds, Hawkins v. United States*, 543 U.S. 1097 (2005). Therefore, even if Compton had been representing Haywood at the time the superseding indictment was filed, he would have no claim for ineffective assistance of counsel against Compton for failing to seek its dismissal as untimely.

5

Vindictive Prosecution/Defective Indictment/Statute of Limitations/Due Process Violations

Haywood contends that the original and superseding indictments were defective and violated his rights to due process and constituted vindictive prosecution because they included proffer-protected information and, specifically as to the superseding indictment, violated the statute of limitations. Haywood, however, has procedurally defaulted these claims by failing to raise them on direct appeal. Post-conviction relief is "an extraordinary remedy" because a petitioner has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). It is neither a substitute for a direct criminal appeal nor a means by which a defendant may appeal the same claims a second time. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Thus, if a movant fails to raise a claim on direct appeal, that claim is barred in a collateral proceeding under § 2255 unless the movant can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850–51 (7th Cir. 2009).

On appeal, Haywood raised only two issues, both associated with his sentencing: (1) the calculation of the amount of loss, and (2) the application of an enhancement for Haywood's role in the offense. *Haywood*, 773 F.3d at 430-31. Because Haywood failed to raise the issues of vindictive prosecution and defective indictment on direct appeal, and has not demonstrated cause for failing to do so nor prejudice, they are procedurally defaulted. Moreover, and likely the reason for having failed to raise the issues on direct appeal, Haywood waived all non-jurisdictional defects in the superseding indictment when he pled guilty. (*United States v. Haywood*, No. 08 CR 1023, Dkt. # 208, ¶ 17c.); *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) ("[A]n unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea") (citation and internal

6

quotation marks omitted). Accordingly, the Court denies these claims.

Ineffective Assistance of Counsel against Jeffrey Steinback

*Use of Proffer-Protected Information.* As an initial matter, a review of the docket in Haywood's criminal case does not reflect an appearance by Steinback; nevertheless, the Court will assume for purposes of this motion that Steinback represented Haywood in negotiating the plea agreement. Haywood first argues that Steinback's performance was deficient because he did not investigate Haywood's prior statements to authorities and therefore improperly allowed proffer-protected information to be included in the plea agreement. Haywood fails to identify what proffer-protected information he is referring to, but the Court assumes it the same information that Haywood contends Steinback improperly allowed to be used against him at sentencing in violation of U.S.S.G. § 1B1.8(a).[2] The proffer-protected information relates to three properties as to which Haywood participated in fraudulent mortgage transactions. But, Steinback did not represent Haywood at sentencing. Further, sentencing counsel did file a written objection to the mortgage transactions relating to three different properties discussed at Haywood's proffer session being included in the loss amount for purposes of calculating Haywood's sentence. *Haywood*, 777 F.3d at 433. In any event, as already noted, the Seventh Circuit recently concluded that inclusion of the losses associated with five (not three, as sentencing counsel stated in his sentencing memorandum) transactions relating to those three properties was $423,750.00. Subtracting that amount from the total loss amount used by the Court of $1,447,270.00 leaves $1,023,520.00, which is still above the

---

[2] Section 1B1.8(a) states that information obtained by the government from a cooperating defendant shall not be used to calculate the defendant's sentencing range if the government agrees not to use any incriminating information obtained from that defendant against him. *See* U.S.S.G. § 1B1.8(a).

7

$1,000,000.00 threshold for a 16-level increase based on the amount of loss. *Id.* ("So even if the district court should have ignored all five of the fraudulent loans linked to these properties, the mistake was harmless."). Thus, no prejudice resulted from the failure to exclude these transactions from the plea agreement or the loss amount.[3]

*Multiple Surgeries*. Haywood next argues that Steinback's multiple surgeries caused him to be ineffective. However, the only ineffective assistance by Steinback that Haywood points to in this section is the use of the proffer-protected information which, as discussed above, was not prejudicial. Therefore, this ground for relief fails.

*Failure to File Motions*. Haywood further asserts that Steinback was ineffective for failing to file any "motions to suppress, quash, breach [of] the indictment as to the use of proffer protected information." (Pet'r's Mot. Vacate, Dkt. # 3, at 13.) With respect to the motions to suppress or quash, Haywood fails to indicate what should have been quashed or suppressed, why, and how he was prejudiced by Steinback's failure to file such motions. As to the use of proffer-protected information, that issue has been addressed. Accordingly, this ground fails.

*Failure to object to Presentence Investigation Report ("PSR") Recommendations*. Haywood lays out numerous purported problems with the calculation of his criminal history category, contending that he sent an email to Steinback about these issues but that Steinback failed to follow

---

[3] The Court notes that with respect to Haywood's post-indictment proffer session of December 19, 2008, the proffer letter provided by the government states that "[t]he government is completely free to pursue any and all investigative leads derived in any way from the proffer, which could result in the acquisition of evidence admissible against your client." (Gov't's Ex. B, 12/19/2008 Proffer Letter, at 1.) According to the government, Haywood discussed three properties at his proffer session as to which the government subsequently obtained additional evidence implicating Haywood, which was used against him pursuant to the terms of the proffer letter. (Gov't's Resp., Dkt. # 5, at 12-13.) Haywood fails to point to any record evidence rebutting this statement.

through with the objections. As already noted, however, Steinback did not represent Haywood at sentencing. The sentencing attorney, Jerry Bischoff, filed a sentencing memorandum which contained objections to the PSR.[4] As to Haywood's criminal history category, he argued that it overstated the seriousness of his criminal past. (Def.'s Sentencing Mem., at 5-6.) The purported "corrections" that Haywood points to in his § 2255 petition appear to simply be changes to dates of convictions for various offenses based upon his misreading of the PSR. (Pet'r's Mot. Vacate, Dkt. # 3, at 14.) To the extent that Haywood conclusorily states, with no explanation, that he should have received fewer criminal history points for certain convictions, the Court has no basis on which to conclude that counsel was ineffective for failing to raise these. *Peterson v. Douma,* 751 F.3d 524, 533 (7th Cir. 2014) (Sixth Amendment does not require counsel to make meritless arguments, and "it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere.").

Haywood argues that two state charges, as to which an amendment to the PSR was filed (*United States v. Haywood*, No. 08 CR 1023, Dkt. # 278), should have been combined in calculating his criminal history under U.S.S.G. § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence."). The amendment to the PSR indicates that he was sentenced for these two offenses on the same day. (*Id.*, at 1 -2.) Thus, Haywood asserts, instead of

---

[4] Despite the Court's direction for defense counsel to file the redacted sentencing memorandum no later than May 13, 2013, (*United States v. Haywood*, No. 08 CR 1023, Dkt. # 277), the docket does not reflect the filing of the memorandum. Accordingly, the Court has referred to the copy in its own file.

9

receiving six criminal history points for these two offenses (three for each), he should have received only three. If Haywood is correct, his criminal history category would have been reduced from VI to V and his advisory guidelines range, with a total offense level of 29, would have been reduced from 151-188 months to 140-175 months. Even assuming, however, that Haywood is correct, any error was harmless. Specifically, after imposing a sentence of 151 months, the Court stated:

> The sentence I have imposed is within the guideline range that we have calculated. But I will say that if the guideline range is inappropriate, the sentence would not change. It is driven mostly by the 3553 factors, specifically that factor which requires us to protect the public because it is clear that the defendant feels that his personal life, his personal tragedies give him sufficient motivation the right to continue to conduct criminal enterprises, stealing and cheating other people out of their money in order to provide for his family. And there is nothing this Court can do short of incarcerating him that will keep him from doing that.

(*Id.*, Sentencing Tr., Dkt. # 297, at 24-25.) Because the Court would have imposed the same sentence regardless of the guidelines range, any error was harmless so no prejudice could have resulted from counsel's failure to object. *United States v. Foster*, 701 F.3d 1142, 1157-58 (7th Cir. 2012) ("[T]he district court's statement that it would have imposed the same sentence regardless of the FSA's application in this case indicates that the error was harmless. Further, the district court's statement 'was not just a conclusory comment tossed in for good measure,' but rather reflected a 'detailed explanation of the basis for the parallel result.'") (citation omitted).

In the amendment to the PSR, the probation officer indicated that two points were added to Haywood's criminal history category under U.S.S.G. § 4A1.1(d) because Haywood committed the offense at issue while: (1) on supervised release in the United States District Court for the Northern District of Illinois for the offenses of bank robbery and conspiracy; (2) serving a term of probation in the United States District Court for the District of Maryland for possessing contraband in prison; and (3) serving a term of probation in the Circuit Court of Cook County for manufacture and

10

delivery of cannabis. (*United States v. Haywood*, No 08 CR 1032, Dkt. # 278, at 2). Haywood argues this addition was improper and counsel should have objected. In his plea agreement, Haywood admits that he engaged in a scheme to defraud mortgage lenders from July 2002 through June 2007, including several transactions in 2001, 2002 and 2003. (*Id*., Dkt. # 208, ¶ 6; *id*. Ex. A.) As indicated in his PSR, Haywood was on supervised release in the United States District Court for the Northern District of Illinois for the offenses of bank robbery and conspiracy at the time those transactions occurred. (*Id*., Dkt. # 227, at 14.) Therefore, the addition of the two points was appropriate and counsel's failure to object did not constitute deficient performance.[5]

Finally, Haywood does not point to any prejudice based on sentencing counsel's failure to file a version of the offense on Haywood's behalf.

Ineffective Assistance of Counsel against Jerry Bischoff

Haywood filed an amended § 2255 motion (Dkt. # 10), which includes ineffective assistance of counsel claims against Jerry Bischoff and Joshua Sachs. The Court addresses these claims below.

*Submission of Mitigating Evidence*. As already noted, Bischoff represented Haywood at sentencing. Haywood argues that Bischoff was ineffective for failing to correctly submit Petitioner's mitigating evidence by not double-checking the numbers associated with the amount

---

[5] Haywood also recently filed a motion in his criminal case, No. 08 CR 1023 (Dkt. # 318), under Federal Rule of Criminal Procedure 36 to "correct" the PSR based on the purported errors cited herein. However, "[a] request for a lower sentence, not authorized by a retroactive change in the Sentencing Guidelines, is treated as a motion under § 2255 if it is within the scope of § 2255(a), no matter what caption is on the document." *United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015). "[A] district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion." *Washington v. United States*, No. 15-CV-2152, 2015 WL 4396381, at *1 (C. D. Ill. July 17, 2015) (citing 28 U.S.C. § 2244(b)(3)(A)). Therefore, because the Court lacks jurisdiction to consider Haywood's motion, it is dismissed.

of loss for which he should be held accountable. As explained above on pages 7 and 8, Haywood cannot show prejudice as to this alleged error because, assuming a correct amount had been calculated by Bischoff, the loss amount would still surpass $1 million, thus not changing the relevant sentencing enhancement. Therefore, this argument fails.

Haywood also asserts that Bischoff should have argued that the property located at 5540 S. Wood Street was one of the properties that should not have been included in the loss amount because information about the property was proffer-protected. However, as the government notes, the Wood transaction was referenced in the original indictment, which was filed one week before Haywood filed a proffer letter with the government. This argument, accordingly, is rejected.

*Cumulative Errors*. Haywood also argues that because Bischoff's miscalculation was carried over by appellate counsel on direct appeal, the "cumulative effect" of the error entitles Haywood to relief. As previously discussed, however, the miscalculation was harmless because it did not affect the sentencing enhancement for the loss amount. As such, Haywood's claim of ineffective assistance of counsel based on cumulative errors is denied.

Ineffective Assistance of Counsel against Joshua Sachs

Joshua Sachs represented Haywood on appeal. Haywood first asserts that Sachs failed to file a "perfect" appeal by not checking Bishoff's numbers. But, for the reasons stated, this argument is a nonstarter and the Constitution does not, in any event, require that a defendant receive a "perfect" appeal.[6] Haywood next contends that Sachs failed to investigate and prepare the appeal. Because this argument also rests on the failure to check Bischoff's numbers, the basis for relief is

---

[6] To the extent that Haywood is contending that appellate counsel failed to properly perfect his appeal, this argument is incorrect and therefore rejected.

denied. Third, Haywood asserts that Sachs was ineffective for failing to raise certain arguments regarding the four-level sentencing enhancement for a leadership role. But the Seventh Circuit affirmed application of the enhancement on appeal, stating that the position that Haywood was not an organizer or leader was "preposterous." *Haywood*, 777 F.3d at 434. Thus, Sachs was not ineffective for purportedly failing to raise a challenge to the leadership enhancement. Finally, Haywood's contention that Sach's "cumulative" errors entitle him to relief is baseless and therefore denied.

Conclusion

For the reasons stated above, Haywood's § 2255 motion [1] is denied. Moreover, because Haywood has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. Civil case terminated.

**Date**: August 19, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**